UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

– against –

JUAN ANTONIO LOPEZ PICHARDO,

    Defendant.

---

11-CR-174

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ DEC 0 2 2011 ★
BROOKLYN OFFICE

JACK B. WEINSTEIN, Senior United States District Judge:

    A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

    The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*,

1

550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

On April 26, 2011, Juan Antonio Lopez-Pichardo pled guilty to a lesser-included offense within Count One of a two-count indictment, which charged that on February 9, 2011, the defendant imported cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3).

Lopez-Pichardo was sentenced on November 29, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be twenty-one and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between thirty-seven and forty-six months. The calculation of the total offense level included a four-point reduction for his role in the offense, since his participation was limited to the role of a courier. The offense carried a minimum term of imprisonment of twenty years. 21 U.S.C. § 960(b)(3). It was conceded by the defendant and the government, and the court found, that all statutory requirements for the "safety valve" under 18 U.S.C. § 3553(f) had been met, and the statutory minimum sentence did not apply. The guidelines range of fine was from $10,000 to $1,000,000. The underlying indictment was dismissed by the court.

Lopez-Pichardo was sentenced to time served and three years of supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Defendant grew up in poverty in the Dominican Republic. He suffers from diminished capacity. At the age of ten, he fell from a tree and hit his head, leaving him unconscious for a week. It is likely that he suffered organic brain damage. Following this accident, he was unable to continue in school. He remains nearly illiterate. He cannot judge situations well, and can easily be taken advantage of.

Despite these difficulties, defendant has a loving family here in the United States, including a fifteen year old son. As a result of his offense, he will be separated from this family and deported to the Dominican Republic, where he has limited family support.

Defendant has been incarcerated for ten months. A sentence of time served reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in drug importation will result in a substantial prison sentence. Specific deterrence is achieved through defendant's prior incapacitation and likely deportation. Further incarceration is unnecessary. The defendant would be taken advantage of in prison, and would require extensive and expensive psychiatric treatment. It is unlikely that he

3

will engage in further criminal activity in light of his circumstances and his remorse for his offense.

*Jack B. Weinstein*
Senior-United States District Judge

Dated: November 29, 2011
      Brooklyn, New York